UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BRENDA J. WELLS,

                 Plaintiff,

    -against-

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

              Defendant.

**MEMORANDUM AND ORDER**

Case No. 1:21-CV-00879 (FB)

*Appearances:*
*For the Plaintiff*:
CHARLES E. BINDER
Law Offices of Charles E. Binder
and Harry J. Binder, LLP
485 Madison Avenue, Suite 501
New York, NY 10022

*For the Defendant*:
BREON PEACE
United States Attorney
By: SCOTT C. ACKERMAN
SSA/OGC
6401 Security Boulevard
Baltimore, MD 21235

**BLOCK, Senior District Judge:**

    Plaintiff Brenda J. Wells ("Wells") seeks review of Defendant the Commissioner of Social Security's ("the Commissioner") denial of her application for Social Security disability insurance benefits.  Both Wells and the Commissioner move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  For the following reasons, Wells's motion is granted, and the Commissioner's motion is denied.  The case is remanded for further proceedings consistent with this Memorandum and Order.

1

## I.    BACKGROUND

Wells applied for Social Security disability insurance benefits on June 14, 2018, alleging disability as of January 10, 2018, due to various mental and physical impairments.  An initial review denied her claims, and an administrative law judge ("ALJ") found Wells not disabled in a decision dated December 17, 2019.  After Wells requested review of the ALJ's decision, the Appeals Council denied review on December 23, 2020.

## II.    DISCUSSION

District courts reviewing the Commissioner's determinations under 42 U.S.C. § 405(g) must "conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Rucker v. Kijakazi*, 48 F.4th 86, 90-91 (2d Cir. 2022).  They may not conduct a de novo review or substitute their judgment for that of the ALJ, *see Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012), reversing the ALJ "only if the factual findings are not supported by substantial evidence or if the decision is based on legal error." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (cleaned up).  "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (cleaned up).  The ALJ's legal conclusions are not entitled

to deference "where an error of law . . . might have affected the disposition of the case." *Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004) (cleaned up).

The Commissioner employs a five-step inquiry to evaluate Social Security disability claims. *See McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). At steps one and two, the ALJ found that Wells had not engaged in substantial gainful activity since the alleged onset date and had several impairments that are severe in combination: osteoarthritis; left shoulder rotator cuff tear; bilateral gluteal tendinitis; bursitis; and obesity. However, also at step two, the ALJ concluded that Wells did not have severe major depressive disorder and post-traumatic stress disorder ("PTSD"). At step three, the ALJ found that these impairments did not meet or equal the severity of the specified impairments in the Listing of Impairments. At step four, the ALJ found that Wells had the residual functional capacity ("RFC") to perform sedentary work and could perform her past relevant work as an administrative assistant. Accordingly, the ALJ concluded that Wells was not disabled. The Court finds that the ALJ made several errors.

### A. Mental Impairments

In concluding that Wells's mental impairments of major depressive disorder and PTSD were non-severe, the ALJ rejected portions of examining psychologist Dr. John Miller's opinion that found that Wells had limitations interacting with others as "not persuasive" but found persuasive the opinion of the State agency

psychological consultant.  As to Dr. Miller's opinion, the ALJ found that Wells's

mental-health treatment history and Dr. Miller's own findings that she was

cooperative, exhibited appropriate eye contract, and had adequate social skills were

"inconsistent with finding moderate limitations interacting with others."  Tr. 19.

There are several related issues with the ALJ's analysis.  First, the ALJ

failed to explain why Dr. Miller's other findings are inconsistent with his ultimate

finding that Wells is moderately limited in her ability to interact with others and

sustain cooperation.  Indeed, Wells's described symptoms during one visit with Dr.

Miller — including panic attacks, recurrent thoughts of suicide, and social

withdrawal — appear consistent with Dr. Miller's findings.  Accordingly, the ALJ

appears to have improperly discounted the opinion of a treating source.  While

2017 Social Security Administration ("SSA") regulations have cut back on the so-

called "treating physician rule" by directing ALJs to no longer "afford controlling

weight to treating source opinions," the regulations nonetheless recognize the

"foundational nature" of the observations of treating sources, such as Dr. Miller.

*Soto v. Comm'r of Soc. Sec.*, No. 19-CV-4631 (PKC), 2020 WL 5820566, at *4

(E.D.N.Y. Sept. 30, 2020).[1]  Accordingly, the ALJ should properly evaluate Dr. Miller's findings.

Second, the ALJ's discounting of Dr. Miller's opinion is more problematic because the ALJ instead relied heavily on the findings of a non-examining consultant, which are often not substantial evidence and particularly unsuited to evaluating claims of mental impairment.  *See Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (expert's opinion "not substantial" where "expert was a consulting physician who did not examine the claimant and relied entirely on an evaluation by a non-physician reporting inconsistent results") (citing *Green-Younger v. Barnhart*, 335 F.3d 99, 107–08 (2d Cir. 2003)).  "Opinion evidence from non-examining sources and non-treating physician examiners typically should not weigh more heavily than that of a treating source."  *Vernon v. Saul*, No. 19-CV-10520 (OTW), 2021 WL 1085387, at *16 (S.D.N.Y. Mar. 19, 2021), *judgment entered*, No. 19

---

[1] For Social Security disability insurance benefit applications filed on or after March 27, 2017, the Commissioner no longer defers or gives any specific evidentiary weight to any medical opinion, including those from a claimant's medical sources.  *See* 20 C.F.R. § 404.1520c.  Instead, the Commissioner considers five factors to evaluate the persuasiveness of medical opinions, and the ALJ must "articulate 'how persuasive [he] find[s] all of the medical opinions and all of the prior administrative medical findings in [the claimant's] case record.'"  *Soto v. Comm'r of Soc. Sec.*, No. 19-CV-4631 (PKC), 2020 WL 5820566, at *3 (E.D.N.Y. Sept. 30, 2020) (quoting *id.* § 404.1520c(b)).  These regulations continue to recognize the "foundational nature" of treating sources' observations.  *Id.* at *4 (quoting *Shawn H. v. Comm'r of Soc. Sec.*, No. 19-CV-113 (JMC), 2020 WL 3969879, at *6 (D. Vt. July 14, 2020)).

CIVIL 10520 (OTW), 2021 WL 1168624 (S.D.N.Y. Mar. 25, 2021).  It is

particularly important for an ALJ to properly weigh the findings from non-

examining consultants in medical impairment claims because "the inherent

subjectivity of a psychiatric diagnosis requires the physician rendering the

diagnosis to personally observe the patient."  *See Ortiz v. Colvin*, No.

3:15CV00956 (SALM), 2016 WL 4005605, at *8 (D. Conn. July 26, 2016).

Third, because Wells was not represented by an attorney during the

administrative proceedings, the ALJ should have done more to develop a complete

treatment record, which could include acquiring Wells's behavioral health records

and other medical sources.  Courts have long recognized that ALJs have a

"heightened" duty to develop the record when a claimant does not have an

attorney, especially when the claimant is psychiatrically impaired.  *See Moran v.

Astrue*, 569 F.3d 108, 113 (2d Cir. 2009).

### B. Physical Impairments

As for Wells's physical impairments, the ALJ found that Wells had a

sedentary RFC.  In so holding, the ALJ concluded that the opinions from SSA's

own examining expert, Dr. Aguiar, were "not generally persuasive," in part

because the ALJ found Dr. Aguiar's description of "moderate" limitation "vague."

Tr. 18.  As the ALJ explained, "since Dr. Aguiar does not define 'moderate,' . . .

although supported by examination findings at the claimant's CE with Dr. Aguiar,

it is difficult to determine the extent to which these opinions are consistent with the medical evidence of record."  *Id.*

Again, the ALJ made several errors.  Because an RFC is a medical opinion and the ALJ is a layperson, "an ALJ who makes an RFC finding without a supporting expert medical opinion improperly substitutes his or her own opinion for that of a physician and thus commits legal error," s*ee Santoro v. Comm'r of Soc. Sec.*, No. 1:21-CV-2044(KAM), 2023 WL 8177365, at *5 (E.D.N.Y. Nov. 27, 2023) (quoting *Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 347 (E.D.N.Y. 2010)) (cleaned up), although "such evidence is not required when the record contains sufficient evidence from which an ALJ can assess the claimant's residual functional capacity."  *See Cook v. Comm'r of Soc. Sec.*, 818 F. App'x 108, 109 (2d Cir. 2020) (cleaned up).  First, because there was no medical opinion the ALJ found persuasive, and the medical record was not sufficient for the ALJ to assess Wells's RFC, *cf. Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013), the ALJ substituted his lay opinion for medical opinion.  Second and relatedly, the ALJ dismissed Dr. Aguiar's finding that Wells suffered from moderate limitations with "prolonged sitting," an essential feature of any sedentary work, because the opinion was "vague"; however, since Dr. Aguiar was the government consultant, the ALJ could have contacted her to clarify her findings, per SSA regulations.  *See* 20 C.F.R. § 416.919p(b) ("If the report is inadequate or

incomplete, we will contact the medical source who performed the consultative examination."). And third, as discussed above, because Wells appeared without the benefit of counsel, the ALJ has a heightened duty to develop the medical record, such as by obtaining evidence from treating sources regarding Wells's physical impairments.

### C. Physical Impairments

Finally, Wells argues that the Appeals Council erred in not considering treating specialist Dr. Chowdhury's opinion because it did not "relate to the period at issue." Tr. 2. Wells is correct that Dr. Chowdhury's opinion did, in fact, relate to the period at issue: although the opinion dates to 2020 and thus postdates the ALJ December 2019 decision, Dr. Chowdhury explicitly states that Wells's symptoms and limitations "apply as far back as January 10, 2018," and thus predates the ALJ's decision. Tr. 290. As Judge Gleeson has explained, "The requirement to review new evidence, however, hinges on whether the report relates to the period on or before the ALJ's decision, and not to the date of the report itself." *Farina v. Barnhart*, No. 04 CV 1299 JG, 2005 WL 91308, at *5 (E.D.N.Y. Jan. 18, 2005). Moreover, as a general proposition, that a treating physician offers a retrospective opinion — even if the doctor did not treat the claimant during the relevant period — is no bar to that opinion being afforded some weight. *See Perrone v. Saul,* No. 3:17-CV-125(RNC), 2019 WL 4744820, at *5 (D. Conn.

Sept. 30, 2019) (collecting cases).  Accordingly, because Dr. Chowdhury found that Wells's condition predated the ALJ's decision, it relates to the relevant period, and the Appeals Council should have considered the report.

## III.   CONCLUSION

The Court therefore remands the Commissioner's decision.  Accordingly, Wells's motion is GRANTED, and the Commissioner's motion is DENIED. Consistent with this M&O, the Commissioner is directed on remand to properly consider and weigh Dr. Miller's and Dr. Chowdhury's opinions, develop the record, and clarify any inadequacies in Dr. Aguiar's opinions.

Given the almost six-year period between Wells's initial filing for disability insurance benefits and this Court's opinion, and the Court's sensitivity that remand "could result in substantial, additional delay," *see Butts v. Barnhart*, 388 F.3d 377, 387 (2d Cir. 2004), *as amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005) (cleaned up), the Court will exercise its power to "set a time limit for action by the administrative tribunal."  *See Zambrano v. Califano*, 651 F.2d 842, 844 (2d Cir. 1981); *see also Catsigiannis v. Astrue*, No. 08-CV-2177 ENV LB, 2013 WL 2445046, at *5 (E.D.N.Y. June 4, 2013) (60-day deadline where ALJ erred in not properly evaluating treating physicians' opinions).  Accordingly, the Court directs the ALJ to complete further proceedings within 60 days of the issuance of this order and, if that decision is a denial of benefits, a final decision of the

Commissioner be rendered within 60 days of Wells's appeal from the ALJ's

decision.  *See Gabriel v. Comm'r of Soc. Sec. Admin.*, No. 2:21-CV-01508 (FB),

2024 WL 653443, at *1 (E.D.N.Y. Feb. 16, 2024) (imposing the same time limit).

**SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 23, 2024