UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRENDA J. WELLS,<br><br>      Plaintiff,<br><br>-against-<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>      Defendant. | **MEMORANDUM AND ORDER**<br>Case No. 21-CV-879 |

*Appearances:*
*For the Plaintiff:*
CHARLES E. BINDER
Law Office Charles E. Binder and
Harry J. Binder
485 Madison Ave., Suite 501
New York, NY 10022

*For the Defendant:*
MORRIS L. WILLIAMS, III
Office of Program Litigation, Office 2
Office of the General Counsel
6401 Security Blvd.,
Baltimore, MD 21235

**BLOCK, Senior District Judge:**

  Following remand from this Court, Plaintiff Brenda J. Wells ("Plaintiff") received past-due disability benefits from the Social Security Administration ("SSA"). Her counsel, Charles E. Binder ("Binder"), now seeks approval of an attorney-fee award of $33,945.93.

  After this Court ordered a remand, it awarded Binder $7,630.31 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. On November 20, 2024, Plaintiff's counsel received the SSA's Notice of Award ("NOA") letter advising Plaintiff that he was due benefits and that the SSA had

1

withheld $33,945.93 to pay a possible attorney-fee request. On November 25, 2024, Binder filed this 42 U.S.C. § 406(b) attorney-fee application, five days after receipt.

First, the Court must consider whether Binder's motion was timely. Typically, an attorney must file an application for fees under § 406(b) within 14 days after the claimant receives notice of any past-due benefits award. *See Sinkler v. Berryhill*, 832 F.83, 85 (2d Cir. 2019). Although Binder made the application more than 14 days following the date on the first NOA, April 22, 2024, Binder first received the NOA by fax from the SSA on November 20, 2024. *See* Binder Decl. at ¶ 13, ECF No. 29; Pl.'s Mem. at 3, ECF No. 28. Thus, Binder's application is nevertheless timely because it was made within 14 days of his own receipt of the NOA. *See Sinkler*, 932 F.3d at 88 ("Once counsel receives notice of the benefits award—and, therefore, the maximum attorney's fees that may be claimed—there is no sound reason not to apply Rule 54(2)(B)'s fourteen-day limitations period to a § 406(b) filing."); *see also Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010) (tolling application deadline until NOA is issued "and counsel is notified of that award").

Turning to the requested attorney-fee award, the Court determines that $33,945.93 is reasonable under the circumstances. Section 406(b) entitles prevailing plaintiffs in Social Security actions to "reasonable [attorney's] fee[s] [that are] not in excess of 25 percent of the total past-due benefits to which the

2

claimant is entitled." Reasonableness depends on three factors: (1) whether the proposed fee is below the 25% statutory maximum; (2) whether the contingency-fee agreement is the product of fraud or attorney overreach; and (3) whether the requested amount is so large it constitutes a windfall to the attorney. *See Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). As indicated by the NOA, the proposed fee award here does not exceed the 25% cap, and the Court is aware of no evidence of fraud or attorney overreach.

To assess the third factor, the Second Circuit has directed district courts to consider (1) the expertise and ability of the claimant's lawyer and whether he or she was particularly efficient; (2) the nature and length of the lawyer's professional relationship with the claimant, including any representation at the agency level; (3) the satisfaction of the claimant; and (4) the level of uncertainty of an award of benefits and the efforts it took to achieve the result of a disability ruling. *See Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022) (de facto hourly rate of $1,556.98 was reasonable). Having considered those guidelines, the Court finds that the requested award does not constitute a windfall.

Finally, because an attorney cannot receive fees under both the EAJA and § 406(b), Binder must refund the smaller fee award to the Plaintiff, *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002), *i.e.*, the $7,630.31 in EAJA fees.

Accordingly, the Court approves Binder's requested attorney-fee award of $33,945.93 under § 406(b) to be paid by the Commissioner out of the proceeds awarded to Plaintiff as past-due benefits. Within five business days of receipt of the § 406(b) fees, Binder is ordered to refund the EAJA award of $7,630.31 to Plaintiff and file a declaration stating such on the docket.

**SO ORDERED.**

      /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
April 4, 2025